## Withholding State Funds

ELMER T. BOLLA, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, May 12, 1958. —You asked to be advised as to what authority and what responsibility the Superintendent of Public Instruction has in the matter of compelling a school district to adopt and to practice proper business management procedures in the administration of its schools, particularly: (1) With respect to compelling payment

of teachers' salaries; (2) with respect to compelling a school district to cease its practice of deficit financing; (3) with respect to incurring indebtedness in excess of the constitutional and statutory debt limitations; and (4) with respect to expending school funds for purposes not authorized by law.

1. It is mandatory and imperative that school teachers be paid and be paid on time as per their agreement with the school district. Section 1142 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §11-1142, provides:

"Except as hereinafter otherwise provided, school districts . . . *shall* pay all regular and temporary teachers, . . . the following minimum salaries and increments: . . ." (Italics supplied.)

Section 1121 of the code, supra, 24 PS §11-1121, requires a contract between a teacher and a school district to include a provision for monthly or semi-monthly payment of compensation. Section 1155, 24 PS §11-1155, makes the payroll obligations of a school district preferential claims and authorizes the school board to negotiate short term loans if necessary to meet these obligations. Section 2519, 24 PS §25-2519, finally, authorizes the Superintendent of Public Instruction to have payment of State funds to a school district withheld for any school year in which the school district has failed or refused to pay the full amount of minimum salaries and to continue having such funds withheld until the school district meets its obligations.

You are advised that it is within your discretion to refuse to authorize the payment of any amount payable to a school district and to continue to withhold such requisitions until provisions satisfactory to you have been made by the school district for the payment of the minimum salaries and increments. Your discretion may be exercised by requiring that either the payments to the teachers be paid in full before you

release the money or by deciding that the payments be made by you to the school teachers out of the moneys withheld.

Points 2, 3 and 4 may be considered together.

Article IX, sec. 8, of the Constitution of Pennsylvania, provides:

"The debt of any . . . school district, . . . except as provided herein . . . shall never exceed seven (7) per centum upon the assessed value of the taxable property therein, nor shall any . . . district incur any debt, or increase its indebtedness to an amount exceeding two (2) per centum upon such assessed valuation of property, without the consent of the electors thereof at a public election in such manner as shall be provided by law. . . ."

The words "debt and indebtedness" used in this section include all contractual obligations and have no technical meaning. They include all floating debts and are not restricted to bonded indebtedness: Waters v. Tamaqua Borough, 19 Dist. R. 1075; Appeal of the City of Erie, 91 Pa. 398 (1879); and Keller v. Scranton, 200 Pa. 130, 49 Atl. 781 (1901).

Without repeating verbatim those sections of the Public School Code of 1949, supra, which are relevant, we believe that the Constitution and the code positively prohibit deficit financing,[1] the incurrence of excessive indebtedness[2] and the expenditure of school funds for purposes not specifically authorized by law.[3] In enforcing these prohibitions the Superintendent of Public Instruction has the duty of requiring annual financial reports of school districts to be furnished, including a list of the amount of bonds and other indebtedness,

---

[1] Public School Code of March 10, 1949, P. L. 30, secs. 635, 639 and 640, 24 PS §§6-635, 6-639 and 6-640.

[2] Id., section 631, 24 PS §6-631; Pa. Const., article IX, sec. 8.

[3] Id., sections 609 and 610, 24 PS §§6-609 and 6-610.

and may withhold State funds from the district until the required information is received.[4] He may also wit  hold such funds where the district has failed to pay or provide for payment of indebtedness upon maturity.[5] Finally, he must impose such sanction when the district fails to file with the proper authority all reports required by law to be filed and when all of the district's records bearing upon its right to State reimbursement have not been properly submitted.[6]

These sections are broad enough in scope to require from the school district compliance with the Superintendent of Public Instruction's request for financial information.

They are also broad enough to allow the Superintendent to withhold all State appropriations that may become due to such school district until such time as he is officially advised that all of the obligations of the school district with reference to any bonds or other evidences of indebtedness that are past due have been met and paid in full or arrangements to pay the same have been satisfactorily made and in the manner approved by the Superintendent. Finally, it is our opinion that these provisions necessarily imply authority in the Superintendent to continue withholding such funds when either the report or audit of a school district shows that the financial practices of the district violate the requirements of the code with respect to deficit financing, excessive indebtedness and unauthorized expenditures and to condition transmittal of such funds on the discontinuance of such practices.

To sum up, therefore: (1) You may refuse to authorize payment of State funds to a school district until

---

[4] Public School Code of March 10, 1949, supra, sec. 633, 24 PS §6-633.

[5] Ibid.

[6] Id., section 2552, 24 PS §25-2552.

the district provides for the proper payment of teachers' salaries or may use such withheld funds to pay the teachers; and (2) you may have State funds withheld from a school district until the district complies with those provisions of the Public School Code and the Pennsylvania Constitution relating to deficit financing, excessive indebtedness and unauthorized expenditures.